# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL ANTHONY NELSON,

    Petitioner,

v.

WARDEN HOWELL, et al.,

    Respondents.

Case No. 2:18-cv-00565-APG-DJA

**ORDER**

Petitioner Michael Anthony Nelson filed a petition for a writ of habeas under 28 U.S.C. § 2254. ECF No. 6. The respondents move to dismiss the petition. ECF No. 19. I grant the motion to dismiss in part. Ground 2 is exhausted and procedurally defaulted, but not for the reasons argued in the motion to dismiss. Ground 3 is not exhausted, but it plainly lacks merit, and so I dismiss it.

**I.     Background**

In state district court, Nelson was charged with count 1, burglary while in possession of a firearm; count 2, possession of a dangerous weapon on school property; count 3, battery constituting domestic violence; count 4, carrying a concealed firearm or other deadly weapon; and count 5, unlawful taking of a vehicle. Ex. 31 (ECF No. 20-31).

On the day that trial was set to begin, Nelson told the state district judge that he wished to represent himself. Ex. 32, at 18-19 (ECF No. 20-32, at 19-20). The judge canvassed Nelson as required by *Faretta v. California*, 422 U.S. 806 (1975). The judge denied Nelson's request, finding that Nelson was not capable of representing himself. Ex. 32, at 20-31 (ECF No. 20-32, at 21-32).

The jury found Nelson guilty of all five counts and a judgment of conviction was entered. Ex. 327 (ECF No. 21-1), Ex. 55 (ECF No. 21-19). Nelson appealed and the Supreme Court of

Nevada determined that the state district judge had erred by denying Nelson's request to represent himself. The court reversed and remanded for a new trial. Ex. 76 (ECF No. 22).

In the second jury trial, Nelson represented himself. The jury found him not guilty of count 3, battery constituting domestic violence, but guilty on all other counts. Ex. 108 (ECF No. 22-33). A judgment of conviction was entered accordingly. Ex. 118 (ECF No. 23-7). Nelson appealed and the Supreme Court of Nevada affirmed. Ex. 164 (ECF No. 24-18).

Nelson then filed a post-conviction habeas corpus petition in the state district court. Ex. 172 (ECF No. 24-26), Ex. 173 (ECF No. 24-27). That court denied the petition. Ex. 197 (ECF No. 25-16). Nelson appealed and the Supreme Court of Nevada affirmed. Ex. 212 (ECF No. 25-31).

Nelson then filed a motion to show cause in the state district court. Ex. 217 (ECF No. 25-36. That court treated the motion as a post-conviction habeas corpus petition, and denied it as untimely under Nev. Rev. Stat. § 34.726(1) and successive under Nev. Rev. Stat. § 34.810. Ex. 224 (ECF No. 25-43).

Nelson then commenced this action. His petition contains three grounds. Ground 1 is a claim that appellate counsel provided ineffective assistance in the way that counsel presented the argument that insufficient evidence supported the verdict of guilt for burglary. Ground 2 is the claim underlying ground 1, that insufficient evidence supported the verdict of guilt for burglary because no evidence of Nelson's intent to commit assault or battery was presented. Ground 3 is a claim that Nelson is actually innocent because of insufficient evidence.

**II.     Standards**

**A.     Exhaustion**

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the

ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

### B. Procedural Default

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750; see also *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Carrier*, 477 U.S. at 488.

To show prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial created a <u>possibility</u> of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Carrier*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in original).

## III. Discussion of the motion to dismiss

### A. Ground 2 is exhausted and procedurally defaulted

In ground 2, Nelson claims that insufficient evidence supported his conviction burglary while in possession of a firearm. The information charged him with burglary because he entered the apartment in question with the intent to commit assault or battery. Ex. 31, at 2 (ECF No. 20-31, at 3). Nelson argues that the evidence presented at trial showed that he had no intent to commit assault or battery when he entered the apartment, and that a fight occurred only after the occupants of the apartment attacked him. ECF No. 6, at 8-9.

3

On direct appeal from the judgment of conviction after the second trial, Nelson argued, in full:

> As noted above, while the jury convicted Nelson of Burglary While in Possession of a Firearm, they acquitted him of Battery Constituting Domestic Violence.
>
> Therefore, there was insufficient evidence adduced at trial to convict Nelson of Burglary While in Possession of a Firearm.

Ex. 156, at 21 (ECF No. 24-10, at 29).

The theory has changed from his direct appeal to the current petition. On direct appeal, Nelson argued that an acquittal on battery meant that the jury should have acquitted him of burglary, regardless of intent.[1] Nelson now argues that he should have been acquitted of burglary because he lacked intent to commit assault or battery when he entered the apartment.

That is not the end of the analysis. In ground 2 of the supplement to the state post-conviction habeas petition, Nelson raised the same claim that he raises now in ground 2 of the federal habeas petition. *Compare* Ex. 173, at 4-9 (ECF No. 24-27, at 10-15), *with* ECF No. 6, at 7-9. The respondents overlooked the supplement, but the state district court did not. The state district court denied the claim under Nev. Rev. Stat. § 34.810, finding Nelson could have raised it on direct appeal. Ex. 197, at 9 (ECF No. 25-16, at 10). On appeal from the denial of the state post-conviction petition, Nelson did not raise the claim in his proper-person brief. *See* Ex. 211 (ECF No. 25-30). However, earlier in the appeal the Supreme Court of Nevada decided to review the complete record. Ex. 209 (ECF No. 25-28). That court thus brought state supplemental ground 2 to its own attention. Federal ground 2 is exhausted.

Because the Supreme Court of Nevada was silent on the issue, I look through that decision to the decision of the state district court. *Ylst v. Nunnemaker*, 501 U.S. 797 (1991). The state district court's dismissal under Nev. Rev. Stat. § 34.810 was an application of an

---

[1] The Supreme Court of Nevada noted that Nelson made no argument about the lack of intent. It also denied the claim because Nelson presented it only in a conclusory manner. Ex. 164, at 3 (ECF No. 24-18, at 4).

4

independent and adequate state rule. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). Therefore, ground 2 is procedurally defaulted.

As noted above, if Nelson can show good cause and prejudice, then I can excuse operation of the procedural default. Nelson makes no argument for cause and prejudice in his opposition. However, in ground 1 Nelson claims that appellate counsel provided ineffective assistance for the way counsel litigated the issue of the sufficiency of the evidence. Ground 1 is exhausted, and it is not procedurally defaulted. It can provide good cause to excuse the procedural default of ground 2. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000). Because I must address ground 1 on the merits, I will defer ruling on the procedural default of ground 2 until the merits of ground 1 are fully briefed.

**B.    Ground 3 is not exhausted, but it plainly lacks merit**

Ground 3 states, in full:

Petitioner is Actuall [sic] Innocent, a constitutional violation has contributed to my conviction of Burglary. The evidence was insufficient.

ECF No. 6. The respondents correctly note that Nelson has not presented this claim to the state courts in any form in any proceeding. They also argue that I can dismiss this action under 28 U.S.C. § 2254(b)(2), because it is perfectly clear that ground 3 does not raise a colorable claim for relief. *See Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). The Supreme Court has not determined whether, outside of the context of a capital case, a claim of relief because of actual innocence is addressable in federal habeas corpus, but "the threshold showing for such an assumed right would necessarily be extraordinarily high." *Herrera v. Collins*, 506 U.S. 390, 417 (1993). Nelson's conclusory allegation that he is actually innocent, without any facts to support his claim, reaches nowhere near that threshold. I dismiss ground 3.

**IV.    Nelson's motion for appointment of counsel**

Nelson has filed a motion for appointment of counsel. ECF No. 27. This motion and the opposition to the motion to dismiss (ECF No. 26) are the same document, but with separate

docket entries. Nelson does not present any argument why the court should appoint counsel. I see no reason to depart from my denial of Nelson's earlier motion for appointment of counsel. ECF No. 11.

**V.     Conclusion**

IT THEREFORE IS ORDERED that respondents motion to dismiss **(ECF No. 19) is GRANTED**.

IT FURTHER IS ORDERED that ground 3 is **DISMISSED**.

IT FURTHER IS ORDERED that I defer consideration of whether Nelson can demonstrate cause and prejudice to overcome the procedural default of ground 2 until after the filing of an answer and reply in this action.

IT FURTHER IS ORDERED that the respondents will have 45 days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Nelson will have 45 days from the date on which the answer is served to file a reply.

DATED: August 14, 2019.

                                                      ANDREW P. GORDON
                                                    United States District Judge